Scott Michelman (*pro hac vice application pending*)
Paul Alan Levy
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000
smichelman@citizen.org

Marian J. Furst, Utah Bar No. 11010
4956 W. 6200 S.
# 315
Kearns, UT 84118
(801) 967-5433
mfurst@furstpatent.com

*Attorneys for Proposed Intervenor Rebecca L. Tushnet*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SANMEDICA INTERNATIONAL, LLC, a Utah limited liability company; WESTERN HOLDINGS, LLC, a Nevada limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., a Delaware corporation,<br><br>Defendant. | **REBECCA L. TUSHNET'S MOTION TO INTERVENE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 24(b) AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Case No. 2:13-cv-00169-DN<br><br>Honorable David Nuffer |

**PRECISE RELIEF SOUGHT AND SPECIFIC GROUNDS FOR MOTION**

Pursuant to Federal Rule of Civil Procedure 24(b), Professor Rebecca L. Tushnet moves the Court to intervene in this action for the limited purpose of seeking public access to certain portions of the court's summary judgment opinion and the summary judgment record that were filed under seal and then filed publicly with significant redactions. This motion is supported by the following memorandum of points and authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

Professor Rebecca L. Tushnet moves for leave to intervene pursuant to Federal Rule of Civil Procedure 24(b) for the limited purpose of unsealing portions of the court record in this case — specifically, portions of the redacted opinion of the Court granting in part and denying in part the parties' cross-motions for summary judgment, and portions of the summary judgment record relevant to that opinion.

A copy of Professor Tushnet's proposed motion to unseal is attached to this motion. The proposed motion to unseal asserts a public right of access under the common law and First Amendment to certain portions of the redacted opinion on summary judgment and of the materials filed in support and opposition to the parties' cross-motions for summary judgment.

## BACKGROUND

A.   Professor Tushnet has taught at Georgetown University Law Center since 2004, specializing in intellectual property, consumer protection, and the First Amendment. Before Georgetown, she was on the faculty at NYU School of Law, specialized in intellectual property law as a practicing attorney at Debevoise & Plimpton, and clerked for Chief Judge Becker of the U.S. Court of Appeals for the Third Circuit and Justice Souter on the U.S. Supreme Court. Professor Tushnet's publications include the casebook Advertising and Marketing Law (2d ed., 2014, with Eric Goldman); "Worth a Thousand Words: The Images of Copyright Law" (Harvard Law Review 2011); "Gone in 60 Milliseconds: Trademark Law and Cognitive Science" (Texas Law Review 2008); and "Copy This Essay: How Fair Use Doctrine Harms Free Speech and How Copying Serves It" (Yale Law Journal 2004). She also runs the 43(B)log, which is devoted to false advertising issues and other subjects of intellectual property (and sometimes more general)

1

interest, and which averages tens of thousands readers per month and is one of the top 100 law blogs according to the ABA Journal.

On April 22, 2015, Professor Tushnet blogged about this case. Among other comments, she expressed frustration that the redactions of portions of this Court's opinion on summary judgment prevented readers from understanding the Court's application of the law of interest confusion.

B.  The following facts are drawn from the Background and Undisputed Material Facts sections of this Court's Memorandum Decision and Order dated March 27, 2015 and filed publicly on April 15 (Doc. 130).

This case is an action for trademark infringement and related federal and state claims. The plaintiffs are the owner and licensee of the trademark for the dietary supplement SeroVital. Plaintiffs offered SeroVital for sale on the website of defendant Amazon.com for about a month in 2012, until Amazon removed SeroVital from its marketplace for a policy violation. Even though it was no longer selling SeroVital, Amazon continued for approximately nine months to publish ads representing that SeroVital could be purchased through Amazon. The gravamen of plaintiffs' suit was that Amazon's use of the SeroVital mark in its ads diverted potential customers away from plaintiffs' website and to Amazon's website, where they purchased other products.

Both sides moved for summary judgment. They also moved to file their respective motions and supporting papers, oppositions, and replies under seal. *See* Docs. 50, 53, 72, 73, 77, 93, 94. All the motions to seal were granted. *See* Docs. 52, 55, 79, 96, 97. The parties filed their

summary judgment papers under seal and, subsequently, filed public versions with redactions. *See* Docs. 63, 64, 67, 69, 85, 86, 90, 103, 104, 105.

On March 27, 2015, the Court granted summary judgment to Amazon on plaintiffs' false advertising claim and limited statutory damages on plaintiffs' state law claim to $2000; otherwise, the Court denied summary judgment to all parties on all claims. Doc. 130, at 30-31. Of particular relevance to Tushnet's motion to intervene, the Court denied summary judgment on plaintiffs' lead claim of initial-interest-confusion (IIC) trademark infringement based on eight pages of analysis in which several key facts about consumers' behavior relevant to the Court's "close decision" were redacted from the public version of the opinion. *Id.* at 17; *see id.* at 9-17 (IIC analysis); *id.* at 16-17 (redactions from the IIC analysis); *id.* at 7, 9 (corresponding redactions from the recitation of the undisputed facts).

On April 15, the case was dismissed based on the parties' joint stipulation. Doc. 131.

## ARGUMENT

The Tenth Circuit has held that permissive intervention under Federal Rule of Civil Procedure 24(b) is the appropriate mechanism for non-parties to an action to seek access to judicial records. *See United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990) (citing *Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 783 (1st Cir. 1988)). Rule 24(b)(1) provides, in pertinent part, that "[o]n timely motion, the court may permit anyone to intervene who: … (B) has a claim or defense that shares with the main action a common question of law or fact." The Tenth Circuit, following other courts of appeals, has held that "no particularly strong nexus of fact or law need exist" where a non-party seeks to intervene to gain access to court records. *See United Nuclear*, 905 F.2d at 1427 (citation omitted) (evaluating

motion for intervention by non-party who sought discovery material for use in a collateral litigation); *see also San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1100 (9th Cir. 1999) (holding that "strong nexus of fact or law [is] not required where intervenor merely seeks to challenge a protective order" (citation omitted)).

Consistent with Tenth Circuit precedent, the overwhelming consensus among the circuits is that permissive intervention is appropriate where a third party seeks to obtain access to judicial records. *See, e.g., In re Assoc. Press*, 162 F.3d 503, 507 (7th Cir. 1998) ("[T]he most appropriate procedural mechanism [to enable third parties to obtain access to court proceedings and documents] is by permitting those who oppose the suppression of the material to intervene for that limited purpose."); *EEOC v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1045 (D.C. Cir. 1998) ("[E]very circuit court that has considered the question has come to the conclusion that nonparties may permissively intervene for the purpose of challenging confidentiality orders."); *accord Flynt v. Lombardi*, 782 F.3d 963, 966 (8th Cir. 2015); *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 778 (3d Cir. 1994); *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1015-16 (11th Cir. 1992); *Pub. Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 783-84 (1st Cir. 1988); *Meyer Goldberg, Inc. of Lorain v. Fisher Foods, Inc.*, 823 F.2d 159, 162 (6th Cir. 1987); *Martindell v. Int'l Tel. & Tel. Corp.*, 594 F.2d 291, 294 (2d Cir. 1979); *In re Beef Indus. Antitrust Litig.*, 589 F.2d 786, 789 (5th Cir. 1979).

Here, the motion to intervene is timely, as it is made within two months after the case was resolved. The Tenth Circuit has permitted intervention for this purpose three years after a case settled. *See United Nuclear*, 905 F.2d at 1427; *see also San Jose Mercury News*, 187 F.3d at 1101 (noting that "delays measured in years have been tolerated where an intervenor is pressing

the public's right of access to judicial records."). And because Tushnet seeks to intervene for the limited purpose of unsealing the summary judgment record, rather than to contest the merits of the litigation, intervention will not prejudice the parties. *See United Nuclear Corp*, 905 F.2d at 1427 (concern about "prejudice in the adjudication of the rights of the existing parties" is "not present when the existing parties have settled their dispute and intervention is for a collateral purpose"); *Pub. Citizen*, 858 F.2d at 786 ("The fact that a suit has gone to judgment does not in any sense militate against the public's right to prosecute a substantiated right to see the records of a particular case.").

Finally, although it is not part of the test for intervention, Tushnet is particularly well positioned to represent the public's right of access. Tushnet has a strong interest in pursuing the redacted information in furtherance of her academic work on the subject, and she intends to continue to write about the case and thereby educate the legal community and the public at large.

## CONCLUSION

For the foregoing reasons, the Court should grant Tushnet's motion to intervene under Federal Rule of Civil Procedure 24(b) for the limited purpose of moving to unseal portions of the summary judgment opinion and moving papers in this case.

Dated: May 26, 2015                                   Respectfully submitted,

                                                      /s/ Marian J. Furst
Scott Michelman *(pro hac vice application pending)*  Marian J. Furst, Utah Bar No. 11010
Paul Alan Levy                                        4956 W. 6200 S.
Public Citizen Litigation Group                       # 315
1600 20th Street NW                                   Kearns, UT 84118
Washington, DC 20009                                  (801) 967-5433
(202) 588-1000                                        mfurst@furstpatent.com
smichelman@citizen.org

*Attorneys for Proposed Intervenor Rebecca L. Tushnet*

5