IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SANMEDICA INTERNATIONAL, a Utah limited liability company; WESTERN HOLDINGS, LLC, a Nevada Limited Liability Company,<br><br>Plaintiffs,<br>v.<br><br>AMAZON.COM INC., a Delaware corporation,<br><br>Defendant,<br>and<br><br>REBECCA L. TUSHNET, an individual,<br><br>Intervenor. | MEMORANDUM DECISION AND ORDER GRANTING REBECCA L. TUSHNET'S MOTION TO INTERVENE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 24(b)<br><br>Case No. 2:13-cv-00169<br><br>District Judge David Nuffer |

Rebecca L. Tushnet moves to intervene in the closed proceeding between SanMedica International, LLC and Western Holdings, LLC ("Plaintiffs") and Amazon.com, Inc. ("Amazon") pursuant to Federal Rule of Civil Procedure 24(b).[1] Professor Tushnet's Motion to Intervene seeks public access to redacted portions of the court's summary judgment opinion ("April 15, 2015 Memorandum Decision and Order") and the summary judgment record.[2] After careful review and consideration of the parties' memoranda, Professor Tushnet's Motion to Intervene is GRANTED for the reasons set forth below.

---

[1] Rebecca L. Tushnet's Motion to Intervene Pursuant to Federal Rule of Civil Procedure 24(b) and Memorandum of Points and Authorities in Support Thereof ("Motion to Intervene"), docket no. 133, filed May 26, 2015.

[2] *See* Memorandum Decision and Order, docket no. 130, filed under seal April 15, 2015.

## BACKGROUND

Plaintiffs sued Amazon for trademark infringement and related federal and state claims.[3] The April 15, 2015 Memorandum Decision and Order noted that the issue of interest confusion was "a close decision," and devoted eight pages of analysis to weighing the relevant facts about consumers' behavior.[4] According to Professor Tushnet, many important parts of that decision were redacted in the opinion available to the public.[5] Shortly after the opinion was filed, the case was dismissed based on the parties' joint stipulation.[6]

Professor Tushnet is a professor at Georgetown University Law Center, specializing in intellectual property, consumer protection, and the First Amendment.[7] She also has a blog that explores "false advertising issues and other subjects of intellectual property. . . ."[8] Subsequent to the public filing of the April 15, 2015 Memorandum Decision and Order, Professor Tushnet states that she blogged about how the redacted information between Plaintiffs and Amazon "prevented readers from understanding the Court's application of the law of interest confusion."[9] Professor Tushnet thus argues she has an interest in the information that influenced the court's decision in the area of interest confusion law. Therefore, Professor Tushnet seeks intervention to challenge the protective order that allowed certain information to be redacted from the public opinion.[10]

---

[3] *Id.*

[4] *Id.* at 9–17.

[5] Motion to Intervene at 3.

[6] Order for Dismissal of Action with Prejudice at 2, docket no. 131, filed April 15, 2015.

[7] Motion to Intervene at 1.

[8] *Id.* at 2–3.

[9] *Id.*

[10] *Id.* at 1.

ANALYSIS

Under Federal Rule of Civil Procedure 24(b), "the court may permit anyone to intervene who: . . . (B) has a claim or defense that shares with the main action a common question of law or fact."[11] Rule 24 also requires the court to "consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."[12] These restrictions withstanding, permissive intervention is a matter that is largely decided "within the sound discretion of the district court"[13] and its finding will only be disturbed upon a "showing of clear abuse."[14]

Neither Plaintiffs nor Professor Tushnet dispute the timeliness of Professor Tushnet's attempt to intervene.[15] What is in dispute, however, is (1) whether Professor Tushnet satisfies Rule 24's requirement of a common question of law or fact, and (2) whether she has the requisite standing for intervention.

1. **Common Question of Law or Fact Is Satisfied**

The Tenth Circuit has held that permissive intervention is the correct procedure for non-parties who seek access to judicial records[16] Permissive intervention requires that there be a question of law or fact in common with the underlying action. Some circuit courts have held that "[t]here is no reason to require . . . a strong nexus of fact or law when a party seeks to intervene only for the purpose of modifying a protective order."[17] But the parties dispute whether a strong nexus of fact or law is required in the Tenth Circuit.

---

[11] Fed. R. Civ. P. 24(b)(1).

[12] Fed. R. Civ. P. 24(b)(3).

[13] *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990).

[14] *Shump v. Balka*, 574 F.2d 1341, 1345 (10th Cir. 1978).

[15] *See* Plaintiffs' Memorandum in Opposition to Rebecca L. Tushnet's Motion to Intervene Pursuant to Federal Rule of Civil Procedure 24(b) ("Opposition Memorandum"), docket no. 142, filed July 24, 2015. Amazon has reached an agreement with Professor Tushnet regarding unsealing certain portions of the Summary Judgment Decision and record. *See* Stipulated Motion by Defendant Amazon and Proposed Intervenor Tushnet to Unseal Certain Portions of the Summary Judgment Decision and Record, docket no. 145, filed Jul. 31, 2015.

[16] *United Nuclear*, 905 F.2d at 1427.

[17] *Beckman Indus. v. Int'l Ins. Co.*, 966 F.2d 470, 473–474 (9th Cir. 1992) (citing *United Nuclear*, 905 F.2d at 1427).

The Tenth Circuit addressed permissive intervention for non-parties who seek to challenge protective orders in *United Nuclear Corporation v. Cranford Insurance Company*.[18] Plaintiffs argue that the language in *United Nuclear*'s holding requires "*some* nexus of fact or law between the proposed intervenor's lawsuit and the instant case."[19] They contend that Professor Tushnet "is not involved in a case of similar facts or law; she merely has an academic interest in certain aspects of the summary judgment decision and the parties' briefing."[20] Professor Tushnet, on the other hand, argues that the Plaintiffs' reading "twist[s] the Tenth Circuit's statement . . . into a requirement that (a) the intervenor needs to show some connection to the case beyond an interest in sealed documents from the case . . . or (b) that intervention is limited to individuals who seek to use the documents in collateral litigation."[21] Neither reading is correct, according to Professor Tushnet.

Plaintiffs' interpretation of *United Nuclear* unjustifiably narrows the Tenth Circuit's relaxed standards for intervenors who wish to challenge a protective order. In *United Nuclear*, collateral litigants sought intervention "for the sole purpose of seeking modification of the protective order and the order sealing the record . . . ."[22] The Tenth Circuit held that "[w]hen a collateral litigant seeks permissive intervention solely to gain access to discovery subject to a protective order, no particularly strong nexus of fact or law need exist between the two suits."[23] Consequently, Plaintiffs argue that only *collateral litigants* seeking to challenge protective orders should be allowed to rely on a nexus of fact or law that is not particularly strong.[24]

---

[18] 905 F.2d 1424 (10th Cir. 1990).

[19] Opposition Memorandum at 2.

[20] *Id.*

[21] Rebecca L. Tushnet's Reply in Support of Her Motion to Intervene Pursuant to Federal Rule of Civil Procedure 24(b) ("Reply") at 1–2, docket no. 146, filed August 24, 2015.

[22] *United Nuclear*, 905 F.2d at 1426.

[23] *Id.* at 1427.

[24] Opposition Memorandum at 2 (emphasis added).

Though *United Nuclear* is concerned with collateral litigants, it does not specify that *only* collateral litigants are excused from showing a strong nexus of fact or law. The decision does not address any intervenors other than collateral litigants.[25] The parties have cited no Tenth Circuit precedent regarding other types of intervenors, but decisions from other circuits can help.[26] The Seventh Circuit found that "every court of appeals to have considered the matter has come to the conclusion that Rule 24 is sufficiently broad-gauged to support a request of intervention for the purposes of challenging confidentiality orders."[27] "The right to intervene to challenge a closure order is rooted in the public's well-established right of access to public proceedings."[28] Specifically dealing with the "common question of law or fact" element of Rule 24(b), the Eighth Circuit stated that where a party is seeking to intervene for the limited purpose of unsealing judicial records, "it is the public's interest in the confidentially of the judicial records that . . . [is] a question of law . . . in common between the Parties [to the original suit] and the [would-be intervenor]."[29] The Third Circuit went so far as to say that any party challenging a confidentiality order "meet[s] the requirement of [Rule 24] that their claim must have 'a question of law or fact in common' with the main action."[30]

Here, Professor Tushnet's interest in the redacted information to educate the public regarding interest confusion law, founded in the public's common law right of access to judicial records, satisfies this legal predicate for intervention.

---

[25] *See generally United Nuclear*, 905 F.2d. at 1426.

[26] *United States v. Carson*, 793 F.2d 1141, 1147 (10th Cir. 1986) (stating that the Tenth Circuit "often rel[ies] upon the analysis and decisions of other circuit courts of appeals").

[27] *Jessup v. Luther*, 227 F.3d 993, 997 (7th Cir. 2000).

[28] *Id.*

[29] *Flynt v. Lombardi*, 782 F.3d 963 (8th Cir. 2015).

[30] *Pansy v. Stroudsburg*, 23 F.3d 772, 778 (3d Cir. 1994).

### 2. Article III Standing Is Satisfied

When the original party drops out of the litigation, "the intervenor will then have to establish its own standing to continue pursuing the litigation."[31] As the proceedings between Plaintiffs and Amazon have ended and the case is now closed, Professor Tushnet must establish her own standing to intervene. Article III requires a showing that the intervenor "personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant,"[32] that the injury "fairly can be traced to the challenged action," and "is likely to be redressed by a favorable decision."[33] The parties only contest two of the three elements of standing: (a) whether Professor Tushnet suffered an injury in fact and (b) whether the injury is likely to be redressed by a favorable decision.[34] Therefore only the first and third prongs of the Article III analysis are addressed below.

### *(a) Professor Tushnet has an injury in fact for her Motion to Intervene*

Plaintiffs argue that Professor Tushnet "has no legally protected interest" and thus does not have an injury in fact to establish Article III standing.[35] Plaintiffs rely on *Oklahoma Hospital Association v. Oklahoma Publishing Company*,[36] which held that a nonparty did not have standing to challenge a protective order.[37] Though standing was ultimately denied in *Oklahoma Hospital*, it was because the potential intervenors did not meet the third prong of Article III standing, not because they did not have an injury in fact.[38] The court in *Oklahoma Hospital* acknowledged that a protective order prohibiting

---

[31] *San Juan Cty, Utah v. U.S.*, 420 F.3d 1197, 1206, n.3 (10th Cir. 2005) (citing *Diamond v. Charles*, 476 U.S. 54, 61–64 (1986)), *affirmed*, 503 F.3d 1163 (10th Cir. 2007) (en banc).

[32] *Gladstone Realtors v. Village of Bellwood*, 441 U.S. 91, 99 (1979).

[33] *Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 38 (1976).

[34] *See* Opposition Memorandum at 7–8.

[35] *Id.* at 7.

[36] 40 F.2d 1421 (10th Cir. 1984).

[37] Opposition Memorandum at 5–6.

[38] *Oklahoma Hosp.*, 748 F.2d at 1425.

access to documents constituted an injury in fact sufficient for Article III standing.[39] The party asserting its First Amendment right alleged that "were it not for the protective orders, the parties would be free to disseminate, and it would thereby be free to gather and publish, discovery documents not subject to those orders."[40] The Court found this to be "a sufficient allegation of injury in fact to satisfy the first requirement for standing . . . ."[41] Because Professor Tushnet also alleges that were it not for the protective order she would be able to gather the information from the public opinion and disseminate her opinion on it through her blog, this is a sufficient allegation of injury in fact.

Ample authority supports *Oklahoma Hospital*'s decision that a protective order can infringe on a nonparty's First Amendment right. In *United States v. Pickard*,[42] the Tenth Circuit found "little doubt that Defendants have Article III standing to seek the unsealing of documents in the file because they claim a First Amendment interest in communicating information that they already have."[43] The Fourth Circuit has held that "the public right of access under the First Amendment and common law protects individuals from the very harm suffered by [the intervenors], their injury transcends a mere abstract injury such as a 'common concern for obedience to law.'"[44] The Third Circuit has recognized that "maintaining the transcripts under seal, though a passive act, was an active decision requiring justification under the First Amendment."[45] The Ninth Circuit has also recognized a protective order's potential to infringe upon "the public's right of access to documents filed with the court . . . ."[46] Even the Supreme Court "has recognized that newsgathering does warrant some First Amendment

---

[39] *Id.* at 1424.

[40] *Id.*

[41] *Id.*

[42] 676 F.3d 1214 (10th Cir. 2012).

[43] *Id.* at 1218, n.2.

[44] *Doe v. Pub. Citizen*, 749 F.3d 246, 263–64 (4th Cir. 2014).

[45] *United States v. Antar*, 38 F.3d 1348, 1363 (3d Cir. 1994).

[46] *United States v. Hickey*, 185 F.3d 1064, 1066 (9th Cir. 1999).

protection,"[47] though the Court recognizes some restrictions for documents not usually public.[48] Therefore, Professor Tushnet's interest in the redacted information in the summary judgment opinion constitutes an injury in fact sufficient to satisfy the first prong of Article III standing.

### *(b) Professor Tushnet's injury is likely to be redressed by a favorable decision*

For the third prong of the Article III analysis, Plaintiffs argue that because the sealed information Professor Tushnet seeks "meet[s] the definition of a trade secret or other categories of bona fide long-term confidentiality," she has no right to it and thus has no method of redress.[49] Plaintiffs rely on *Bond v. Utreras*[50] to conclude that a trade secret can be categorically withheld from the public.[51] But a reading of *Bond* does not support this broad conclusion.[52] Instead, *Bond* merely recognized that documents used in a court proceeding are "presumptively 'open to public inspection unless they meet the definition of trade secret or other categories of bona fide long-term confidentiality.'"[53] *Bond* does not create, or even rely upon, a special category for trade secrets that would save the trade secrets from the presumption of otherwise-public documents.[54]

Even if the redacted information in the April 15, 2015 Memorandum Decision and Order were trade secrets and made the protective order nearly impossible to reverse, Professor Tushnet's claim would not automatically fail since the Supreme Court has granted plaintiffs standing in cases in which it eventually ruled against those plaintiffs on the merits of the case.[55] The standard for "likely to be redressed by a favorable decision" does not require the court to determine if a favorable decision is

---

[47] *Oklahoma Hosp.*, 40 F.2d at 1421 (citing *Branzburg v. Hayes*, 408 U.S. 665, 681 (1972)).

[48] *Simon v. Eastern Kentucky Welfare Rights Org.*, 426 U.S. 26, 38 (1976).

[49] Opposition Memorandum at 8.

[50] 585 F.3d 1061 (7th Cir. 2009).

[51] Opposition Memorandum at 8–9.

[52] *See Bond v. Utreras*, 585 F.3d 1061, 1075 (7th Cir. 2009).

[53] *Id.* (quoting *Baxter Int'l, Inc. v. Abbot Labs.,* 297 F.3d 544, 545 (7th Cir. 2002)).

[54] *Id.* at 1073–74.

[55] *See e.g., Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 153, 166 (2010); *Meese v. Keene*, 481 U.S. 465, 469, 485 (1987).

8

likely, but only whether a favorable decision is likely to redress the injury. Professor Tushnet seeks intervention to make information public and redress her First Amendment injury. Because the *information* would be made public *if* the court granted her Motion to Unseal, Professor Tushnet's injury is likely to be redressed by a favorable decision. Therefore, Professor Tushnet satisfies all the requirements for Article III standing.

**ORDER**

For the reasons set forth above, IT IS HEREBY ORDERED that Professor Tushnet's Motion to Intervene is GRANTED.[56] Professor Tushnet may file a motion to unseal within fourteen (14) days of this Memorandum Decision and Order.

Dated November 2, 2015.

BY THE COURT:

_____
David Nuffer
United States District Judge

---

[56] Rebecca L. Tushnet's Motion to Intervene Pursuant to Federal Rule of Civil Procedure 24(b) and Supporting Memorandum, docket no. 133, filed May 26, 2015.